UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

                    Plaintiff,

    v.                                 Case No. 25-cv-49-pp

MATTHEW SCULLION, *et al.*,

                    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION (DKT. NO. 16), SCREENING AMENDED COMPLAINT (DKT. NO. 15), DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND IMPOSING PLAINTIFF'S THIRD STRIKE UNDER 28 U.S.C. §1915(G)

On August 13, 2025, the court screened plaintiff Jeff Poff's complaint under 42 U.S.C. §1983 and determined that it failed to state a claim. Dkt. No. 14. The court dismissed the complaint but gave the plaintiff "an opportunity to amend his complaint to address the issues the court has described and to better explain the claims in his complaint." Id. at 11. The court ordered the plaintiff to file his amended complaint "in time for the court to receive it by the end of the day on September 19, 2025." Id. at 12–13 (bolding omitted).

The court did not receive the plaintiff's amended complaint until September 22, 2025 (three days *after* the date the court had set), but it is dated September 18, 2025. Dkt. No. 15. The plaintiff did not sign the complaint, so the clerk's office sent him a letter directing him to return a signed signature page for his amended complaint. Dkt. No. 15-1. On September 25, 2022, the court received the plaintiff's resubmitted amended complaint with his

signature. Dkt. No. 15-2. The court receive another signed signature page on October 6, 2025. Dkt. No. 17.

On September 23, 2025, the court received the plaintiff's motion for clarification, in which he states that he provided his amended complaint to the law librarian at his institution before the September 19, 2025 deadline. Dkt. No. 16. He asks whether the court will accept his amended complaint that the court received late "do [*sic*] to no fault of his own." Id.

The court will grant the plaintiff's motion and provide the following clarification: The court will accept the plaintiff's amended complaint because he states that he signed and filed it on September 18, 2025—one day before his deadline to provide his amended complaint to the court. Although the court received it after the September 19, 2025 deadline, and although the plaintiff should have known that if he gave the amended complaint to the law library the day before it was due, it *might not* be received by the court on the due date, the court will make an exception this once. This order screens the plaintiff's amended complaint.

## I.    Screening the Amended Complaint

### A.    Federal Screening Standard

As the court explained in the previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720

(citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The amended complaint names as defendants Lieutenant Matthew

Scullion, Captain Taylor and Deputy Warden Paula Stoudt, all of whom work at

the Wisconsin Secure Program Facility. Dkt. No. 15 at ¶¶2–4. The plaintiff sues

all the defendants in their individual and official capacities. Id. at ¶5.

The plaintiff asserts that Lieutenant Scullion violated his rights "by

submitting a falsified conduct report claiming that a confidential informant

gave him information that he in fact did NOT allegedly stating that the Plaintiff

had assaulted another inmate without any video evidence of this alleged

assault or any corroborated evidence that an assault had in fact occurred." Id.

at ¶6. He alleges that this occurred "sometime prior to October 15, 2022,"

which is when "they then came to place the Plaintiff on Temporary Lock-up."

Id. The plaintiff claims that Scullion was retaliating against him for lawsuits he

filed about Scullion's verbal threats and use of force, which put Scullion's "job

in jeopardy," yet his "harassment and abuse of power continued." Id.

The plaintiff next asserts that Captain Taylor violated his rights "by

holding [his] conduct report hearing without allowing [the plaintiff] to question

[his] witness or have the witness present a written statement." Id. at ¶7. The

plaintiff says that institutional policy allows him to present a defense, but that

he was not allowed to do so "and basically was railroaded and eventually

placed on administrative confinement due to these false claims that [he] did

NOT receive proper due process for." Id. The plaintiff alleges that Taylor had no reason to disallow the plaintiff's witness from testifying or providing a written statement. Id. He says that he received 120 days' segregation after the hearing and was moved to administrative confinement from November 10, 2022, through July 14, 2023. Id. The plaintiff asserts that there was no evidence presented at his hearing to corroborate what "this alleged informant said." Id.

Finally, the plaintiff asserts that Deputy Warden Stoudt violated his rights "by failing to intervene and investigate the allegations in the conduct report and the denial of the Plaintiff's right to question the alleged informant or witness" about the alleged assault. Id. at ¶8. He says that his conduct report hearing "should have been post-poned [*sic*]" to allow the witness to attend the hearing or file a written statement. Id. The plaintiff says that his appeal of his conduct report and hearing was dismissed; he does not say who dismissed it, but the court can infer from the other allegations in this paragraph that it was Stoudt. Id. He claims that there was no "substancial [*sic*] evidence that could corroborate the allegations in the conduct report, or the statements made by the alleged informant." Id. He alleges that Stoudt had "the power to stop and correct this issue before it went any further but chose NOT to." Id.

The plaintiff claims that the defendants' action violated his right to due process and inflicted cruel and unusual punishment. Id. at pp. 5–6. He seeks compensatory and punitive damages. Id. at 6.

C.    Analysis

The plaintiff newly asserts that Lieutenant Scullion fabricated a conduct report against him in retaliation for the plaintiff's previous lawsuits against Scullion. To state a First Amendment claim of retaliation, the plaintiff must allege that "he engaged in a protected activity," "he suffered a deprivation likely to prevent future protected activity," and "his protected activity was a motivating factor in the defendants' decision to retaliate." Daugherty v. Page, 906 F.3d 606, 610 (7th Cir. 2018) (citing Perez, 792 F.3d at 783).

The plaintiff's federal complaint history shows that Scullion could not have served the complaint report in retaliation for past lawsuits because the plaintiff did not file any lawsuits against Scullion before he received the allegedly fabricated conduct report on October 15, 2022. The plaintiff has filed thirteen cases in this district. He filed five of those complaints between 2009 and 2023, and none of them name Scullion as a defendant. The plaintiff then filed six lawsuits between January 13 and February 6, 2025. All six of those lawsuits are before this court, and several of the complaints name Scullion as a defendant. This lawsuit was the first of those six filed, and the court received the original complaint on January 13, 2025. Dkt. No. 1.

The plaintiff also named Scullion as a defendant in another case pending before this court, which the court also received on January 13, 2025. Case No. 25-cv-51, Dkt. No. 1. That complaint alleged that Scullion had threatened the plaintiff on or after October 20, 2022—five days *after* he allegedly fabricated the conduct report that the plaintiff describes in this case. Id. at 4–6. The court did

6

not allow the plaintiff to proceed on any claim against Scullion in Case No. 25-cv-51, including a claim that Scullion forced the plaintiff to move to another cell in retaliation for filing other lawsuits. Id., Dkt. No. 13 at 12–14. The court explained that the plaintiff had "not described any 'protected activity' he engaged in that led Scullion to move his cell assignment, such as filing a previous complaint or lawsuit against Scullion." Id. at 13. The plaintiff did mention "other complaints and lawsuits he has filed against Scullion. But the court knows (because the suits are pending in this court) that the plaintiff brought those lawsuits recently and *after* Scullion's alleged mistreatment." Id. Because "Scullion could not have moved the plaintiff in retaliation for protected conduct in which the plaintiff had not yet engaged," the plaintiff did not state a claim of retaliation against Scullion. Id. at 13–14.

The plaintiff is attempting to raise a similarly flawed claim of retaliation against Scullion as the claim that the court dismissed in Case No. 25-cv-51. The plaintiff again alleges that Scullion retaliated against him for lawsuits that he filed *after* Scullion's allegedly unconstitutional action. The only difference is the alleged retaliatory conduct—a fabricated conduct report in this case, compared to the alleged cell transfer in Case No. 25-cv-51. For the same reasons the court explained in Case No. 25-cv-51, the plaintiff cannot state a claim that Scullion retaliated against him by filing a fabricated conduct report for protected conduct (filing federal lawsuits) "in which the plaintiff had not yet engaged." Id.

These allegations also could amount to a claim under the due process clause, but only if Scullion issued the allegedly false conduct report "in retaliation for the exercise of a constitutional right." Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994) (citing Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988)). Because Scullion could not have issued the conduct report in retaliation for the plaintiff's *future* lawsuits, as the court just explained, the plaintiff cannot state a due process claim against Scullion for filing the report.

The remainder of the plaintiff's claims are the same as the claims that the court analyzed and dismissed in its August 13, 2025 screening order. For the same reasons the court previously explained, the plaintiff may not proceed on claims that the defendants violated his right to due process related to his disciplinary hearing because those claims, "if successful, would necessarily call into question the validity of his disciplinary conviction and sentence." Dkt. No. 14 at 8 (citing Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994); and Olson v. Humphreys, Case No. 07-C-682, 2007 WL 2570231, at *3 (E.D. Wis. Aug. 30, 2007)). The same goes for his claim that Deputy Warden Stoudt improperly denied or mishandled his appeal. As the court also explained in the previous screening order (and in case 25-cv-51), "'the plaintiff does not have a due process right to appeal his prison disciplinary conviction.'" Id. at 9 (quoting Case No. 25-cv-51, Dkt. No. 13 at 19; and citing Wolff, 418 U.S. at 564–66; Jones v. Brown, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003); Lowe v. Stockey, 36 F. App'x 353, 360 (10th Cir. 2002)).

The court also previously explained that the plaintiff has not stated a claim related to alleged violations of institutional policies because §1983 "does not protect against violations of prison regulations or policies." Id. at 10 (citing Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017); Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)).

For the reasons explained above and in the previous screening orders in this case and Case No. 25-cv-51, the amended complaint fails to state a claim for relief. If the plaintiff files any future cases, it is worth noting that this is the third time the court has dismissed one of the plaintiff's cases for failure to state a claim.[1] See 28 U.S.C. §1915(g). This dismissal is the plaintiff's third "strike" and will take effect when the court enters judgment in this case. Coleman v. Tollefson, 575 U.S. 532, 538–40 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The court advises the plaintiff that he is barred from proceeding without prepaying the full filing fee in any civil lawsuit or appeal he may file while he is a "prisoner" within the meaning of §1915(h) unless he is in imminent danger of serious physical injury. If the plaintiff files any new civil

---

[1] See Poff v. Schellinger, et al., Case No. 25-cv-186-pp (dismissed Sept. 5, 2025); Poff v. Weadge, et al., Case No. 25-cv-137-pp (dismissed Sept. 15, 2025).

lawsuit without paying the entire $405 civil filing fee, the complaint must contain allegations sufficient to show that, at the time he files the complaint, he is in imminent danger of serious physical injury. If the new complaint does not sufficiently allege imminent danger, the court will dismiss it without prejudice. The plaintiff then will have an opportunity to file a motion to reopen the case—along with payment of the entire civil filing fee—within twenty-eight days.

## II.    Conclusion

The court **GRANTS** the plaintiff's motion for clarification. Dkt. No. 16.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. Dkt. No. 15.

The court will document that the plaintiff has incurred his third "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. Because the plaintiff has now accumulated three strikes, he may not file a case or appeal in

federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of October, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**