UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

          Plaintiff,

  v.                         Case No. 25-cv-49-pp
                                   Appeal No. 25-3098

MATTHEW SCULLION, *et al.*,

          Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 30)

---

On October 20, 2025, the court issued an order and judgment dismissing this case based on the amended complaint's failure to state a claim. Dkt. Nos. 18, 19. On November 19, 2025, the plaintiff filed a notice of appeal, dkt. no. 20; he subsequently filed a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 26. On February 5, 2026, the court denied the plaintiff's motion for leave to appeal without prepaying the filing fee under 28 U.S.C. §1915(g), the Prison Litigation Reform Act's "three-strikes" provision. Dkt. No. 27. On April 10, 2026, the Court of Appeals for the Seventh Circuit issued a mandate dismissing the plaintiff's appeal for failure to pay the filing fee. Dkt. No. 28. The plaintiff since has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 30.

In support of his motion, the plaintiff states that on February 25, 2025, United States District Judge William Conley dismissed without prejudice the plaintiff's amended complaint in Western District of Wisconsin Case Number

1

23-cv-598. Id. at 1. The plaintiff states that this court made a "clerical error" by dismissing the instant case because it didn't recognize that this case and Western District Case No. 23-cv-598 were "two in the same action, and had already been dismissed by Judge Conley on Feb. 20th, 2025[.]" Id. The plaintiff asks the court to "reestablish[] [his] ability to file a complaint without 1st having to pay the whole filing fee" under 28 U.S.C. §1915(g), because Judge Conley already dismissed this case. Id. He asserts that this court erroneously dismissed his complaint a second time. Id.

The plaintiff brings his motion under Rule 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Because the plaintiff states that this court made a "clerical error," he may have meant to bring his motion under Rule 60(a), which

2

provides that the court may correct a "clerical mistake" in the record. Fed. R. Civ. P. 60(a).

The plaintiff has not shown that the court erred when it dismissed this case with prejudice for failure to state a claim. The plaintiff has an obligation to tell the court if he previously filed a complaint raising the same claims. The court's form complaint requests that information. The plaintiff's original complaint in this case contained a paragraph notifying the court that he had filed a similar previous case, but the plaintiff crossed out that paragraph. Dkt. No. 1 at 4. More to the point, in the case the plaintiff filed in the Western District of Wisconsin, Judge Conley determined that the plaintiff had failed to state a claim and dismissed the case *without prejudice,* which means that the plaintiff could seek to bring his claims again. Poff v. Scullion, No. 23-cv-598, Dkt. No. 19 (W.D. Wis. February 26, 2025). In the instant case, this court determined that the plaintiff's amended complaint failed to state a claim and dismissed the case *with prejudice.* Dkt. No. 18. Even if Judge Conley had dismissed the plaintiff's case with prejudice, the plaintiff's complaint in this case seeking to bring the same claims would be subject to dismissal as frivolous and would warrant imposition of a "strike" under §1915(g). See Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (complaint that seeks to relitigate previously dismissed claims is frivolous); see also Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). The court will deny the plaintiff's motion for relief.

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 8th day of July, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge

Case 2:25-cv-00049-PP   Filed 07/08/26   Page 4 of 4   Document 31